**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**IN RE: PLAINTIFF CHRISTOPHER JON PERGROSSI, Civil Case Nos. 1:20-cv-181-MW-GRJ, 1:20-cv-182-AW-GRJ, 1:20-cv-184-AW-GRJ, 1:20-cv-185-AW-GRJ, 1:20-cv-186-MW-GRJ, 1:20-cv-187-MW-GRJ, 1:20-cv-188-MW-GRJ, 1:20-cv-189-RH-GRJ, 1:20-cv-190-RH-GRJ, 1:20-cv-191-MW-GRJ, 1:20-cv-192-AW-GRJ, 1:20-cv-193-AW-GRJ, 1:20-cv-194-AW-GRJ, 1:20-cv-195-MW-GRJ, 1:20-cv-196-AW-GRJ, 1:20-cv-197-MW-GRJ, 1:20-cv-198-MW-GRJ, 1:20-cv-199-AW-GRJ, 1:20-cv-200-MW-GRJ, 1:20-cv-201-AW-GRJ, 1:20-cv-203-RH-GRJ, 1:20-cv-204-RH-GJR, 1:20-cv-205-MW-GRJ, 1:20-cv-206-MW-GRJ, 1:20-cv-207-AW-GRJ, 1:20-cv-208-RH-GRJ, 1:20-cv-209-MW-GRJ, 1:20-cv-210-AW-GRJ, 1:20-cv-211-MW-GRJ, 1:20-cv-212-AW-GRJ, 1:20-cv-213-RH-GRJ**

**<u>OMNIBUS ORDER, ORDER TO SHOW CAUSE
AND REPORT AND RECOMMENDATION</u>**

This case is before the Court upon the filing of the above cases over a period of a few days beginning August 18, 2020. Plaintiff has filed a *pro se* civil complaint and a motion for leave to proceed *in forma pauperis* in each case. The Court finds that the motions for leave to proceed *in forma pauperis* (ECF No. 2 in each case) are due to be **GRANTED**. N.D. Fla. Loc. R. 5.3. For the following reasons, each of the above-captioned cases are due to be dismissed without leave to amend. Further, the Court finds that Plaintiff's extraordinary volume of frivolous cases merits imposition of restrictions on future filings in order to preserve scarce judicial resources and protect the efficient administration of justice. Plaintiff will be required to

show cause as to why such restrictions should not be imposed. **Pending the show-cause proceeding, Plaintiff will be barred from filing further complaints in this Court without prior approval of the Court.**[1]

## I. Screening Standards

Because Plaintiff is proceeding as a pauper in each case, his complaints are subject to the screening provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2). When screening, the Court must dismiss any claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit at to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983)). An action is frivolous or malicious where the allegations are clearly baseless, fanciful, fantastic, delusional, or without an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *see also Bilal v. Driver*,

---

[1] Plaintiff has filed two Complaints that are not subject to this Omnibus Order. In Case No. 1:20-cv-180-AW-GRJ, *Pergrossi v. Epic Games,* the Court has ordered Plaintiff to file an amended complaint. In Case No. 1:20-cv-183-AW-GRJ, *Pergrossi v. VA,* the Court will issue a separate order to file an amended complaint.

251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if is without arguable merit either in law or fact.").

As to failure to state a claim, "[d]ismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).

To plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Determining whether a complaint should be dismissed for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support her claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional … claim" are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681–84 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* at 680. "Determining whether a

3

complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In other words, "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable. A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

## II. <u>Plaintiff's Complaints</u>

Most of Plaintiff's complaints pertain to matters of general concern to Plaintiff rather than a specific incident or controversy subject to resolution and redress in this Court. Consistent with its screening obligations, the Court has carefully reviewed each complaint for frivolity and failure to state a claim. No purpose would be served by recounting Plaintiff's allegations in detail, and therefore the Court will only briefly summarize his claims in each case.

**1. Case No. 1:20-cv-181-AW-GRJ, Pergrossi v. U.S. Government**

Plaintiff believes the Government should be ordered to establish a form of national sports competition, fund the salaries of professional athletes, and earn revenue from sports merchandising and broadcasting. ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

**2. Case No. 1:20-cv-182-AW-GRJ, Pergrossi v. Trump**

Plaintiff seeks to eliminate the presidential pardon power as wielded by President Trump, and to investigate past presidential pardons for legality. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

**3. Case No. 1:20-cv-184-AW-GRJ, Pergrossi v. U.S. Government**

Plaintiff requests an order requiring the United States to establish "geometric parks for all types of animals", preserve all species in the world within the United States, launch a study of prehistoric DNA of dinosaurs and plants, use chemistry to solve the world's food crisis, develop technology to speak with animals, and learn how to prevent animals from eating each other. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

4. **Case No. 1:20-cv-185-AW-GRJ, Pergrossi v. U.S. Military**

Plaintiff proposes a set of extensive reforms to all branches of the military, including elimination of rank, elimination of the Uniform Code of Military Justice, alterations in the design and location of domestic and foreign bases, treating women soldiers with medication to make them stronger, invalidating "military treaties", increased pay, dietary controls, and training so soldiers can "defeat natural disasters".  He claims to have developed a technique for teleportation and a new weapon of mass destruction.  ECF No. 1.  The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

5. **Case No. 1:20-cv-186-MW-GRJ, Pergrossi v. U.S. Government**

Plaintiff asserts that he knows "the way to find scientific immortality" in the form of a mechanical brain which will allow people to live forever in a digital world.  He seeks to have the government utilize his technology to defeat the permanence of death, create greater wealth, achieve understanding of the universe, and deter alien attack.  ECF No. 1.  The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

## 5. Case No. 1:20-cv-187-MW-GRJ, Pergrossi v. U.S. Government

Plaintiff believes the government should be ordered to stop using race as a form of identification, eliminate affirmative action, and adopt the principle that "the race of all people is all races." ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

## 6. Case No. 1:20-cv-188-MW-GRJ, Pergrossi v. FBI

Plaintiff alleges that he has contacted the FBI with information about Chinese nuclear bombs that are located in U.S. cities, and the FBI has failed to respond. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

## 7. Case No. 1:20-cv-189-RH-GRJ, Pergrossi v. California

Plaintiff complains that the State of California has wrongfully adopted a "wealth tax" that threatens the success and prosperity of U.S. citizens. There are no allegations suggesting that Plaintiff himself is personally affected by any California tax law. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

## 8. Case No. 1:20-cv-190-RH-GRJ, Pergrossi v. U.S. Government

Plaintiff suggests that the Bill of Rights should be amended to include approximately 17 additional rights, such as the "right to be found and saved

if ever in danger", the right to life insurance, the right to start a business, and the right to lease free land. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

9. <u>**Case No. 1:20-cv-191-191-MW-GRJ, Pergrossi v. NSF**</u>

Plaintiff claims that he submitted several grant applications to the National Science Foundation, including for a device that creates a "force-field" and a medical device that cures all viruses. He asserts that the NSF negligently indicated that other research deserves funding. There are no factual allegations suggesting that Plaintiff has any cognizable claim against the NSF. ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

10. <u>**Case No. 1:20-cv-192-AW-GRJ, Pergrossi v. United States Police**</u>

Plaintiff contends that all police forces in the United States are negligent for not finding or accounting for all missing persons, and that they should be ordered to do so. ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

11. <u>**Case No. 1:20-cv-193-AW-GRJ, Pergrossi v. Trump**</u>

Plaintiff asserts that President Trump has wrongfully targeted the "Tik Tok" app for elimination, and that his actions amount to those of a king or tyrant. Plaintiff asks the Court to rule that "any conduct unbefitting a

democracy is not allowed." ECF No. 1. As pled, the Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

### 12. Case No. 1:20-cv-194-AW-GRJ, Pergrossi v. U.S. Government

Plaintiff claims that he is a divine being or an angel and that he is being prevented from helping the nation because he is not recognized for who he is. He seeks an order for the United States to "incorporate Me and My Magical, Divine way." ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

### 13. Case No. 1:20-cv-195-MW-GRJ, Pergrossi v. U.S. Government

Plaintiff seeks to force the government to conduct research and acknowledge that ghosts, including ghosts that Plaintiff claims to see, are real. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

### 14. Case No. 1:20-cv-196-AW-GRJ, Pergrossi v. Treasury Dept.

Plaintiff claims that he knows "the chemical way to build gold from anything," and that the United States should adopt an array of recommendations regarding currency exchange systems. ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

## 15. Case No. 1:20-cv-197-MW-GRJ, Pergrossi v. Gilchrist County & Dept. of Veterans Affairs

In this Complaint, Plaintiff seeks 25 million dollars in damages against the state court judge who committed Plaintiff pursuant to the Baker Act. He also seeks 18 million dollars in damages against the VA for confining him for treatment at a VA facility. As to this latter claim, it overlaps with another complaint filed by Plaintiff: *Pergrossi v. VA*, Case No. 1:20-cv-182-AW-GRJ. The Court has construed that complaint as a Federal Tort Claims Act claim against the VA, and Plaintiff will be afforded an opportunity to amend that complaint. With respect to his claims against the Gilchrist County judge, Plaintiff's claims are barred by the doctrine of judicial immunity.

A judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. This court "may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint."

*Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) (unpublished and quoting *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005).

There are no allegations suggesting that Plaintiff's claims would present any exception to the doctrine of judicial immunity, or that any amendment would not be futile.  This complaint is due to be dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(ii).

**16.   Case No. 1:20-cv-198-MW-GRJ, Pergrossi v. DEA**

Plaintiff contends that the Drug Enforcement Administration is enforcing laws that "do not define a crime".  He contends that enforcement actions that do not involve "aggravated circumstances like weapons . . . or robbery . . . must be repealed into absentia" and convicted persons freed from unjust imprisonment.  There are no allegations suggesting that any enforcement action has been wrongfully taken against Plaintiff.  ECF No. 1.  The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

**17.   Case No. 1:20-cv-199, Pergrossi v. U.S. Government**

Plaintiff asserts general complaints about the behavior of "paparazzi" reporters and stalkers.  He seeks Court intervention to establish rules regarding the taking and publication of "lewd" photographs without consent,

when and how photographs may be taken, and how stalkers are apprehended and prosecuted. ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

### 18. Case No. 1:20-cv-200-MW-GRJ, Pergrossi v. U.S. Government

In this case, Plaintiff seeks Court intervention to eliminate the "right to lie" under the Fifth Amendment. He asserts that the government permits officials to be criminals who do not confess their crimes. He contends that the government has neglected to end such lawlessness. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

### 19. Case No. 1:20-cv-201-AW-GRJ, Pergrossi v. Dept. of Education

Plaintiff seeks various educational reforms, such as a national transcript system and the ability to receive an education exclusively from home. He offers his own lesson plans, such as a method for teaching students to grow cucumbers in a garden. ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

### 20. Case No. 1:20-cv-203-RH-GRJ, Pergrossi v. EPA

Plaintiff expresses many concerns about the accumulation of trash and recycling methods. He claims he has developed a method to "grind the fabric of space itself using a magnetic field" that will collapse trash. He seeks a Court order requiring the United States to stop dumping garbage

and develop "robots to clean the Earth", which Plaintiff will design. ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

**21. Case No. 1:20-cv- 204-RH-GRJ, Pergrossi v. Treasury Dept. & SBA**

Plaintiff proposes an extensive government program that will allow the development and operation of successful businesses. He requests that the government be ordered to make various types of loans that will facilitate his plans, and implement economic policy changes here and abroad. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

**22. Case No. 1:20-cv-206-MW-GRJ, Pergrossi v. CIA**

Plaintiff opposes CIA torture policies and practices. He seeks a broad investigation of CIA torture operations and restrictions on use of torture. ECF No. 1. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

**23. Case No. 1:20-cv-207-AW-GRJ, Pergrossi v. Pompeo**

Plaintiff asserts that Secretary of State Pompeo is not fit for office because he tried to embarrass and intimidate a reporter. He seeks to impeach Secretary Pompeo and deprive him of retirement and other

benefits.  ECF No. 1.  The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

## 24.  Case No.  1:20-cv-208-RH-GRJ, Pergrossi v. Executive Branch

Plaintiff objects to various actions by President Trump and the executive branch, including preventing other nations from having nuclear weapons, engaging with the U.N. (as an "illegal organization"), failing to have policies against poverty and lawlessness, an ineffective policy regarding Iran, and committing crimes abroad.  ECF No. 1.  The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

## 25.  Case No. 1:20-cv-209-MW-GRJ, Pergrossi v. Dept. of Labor

Plaintiff asserts that all workplace "relationships that are not marriage" should be forbidden, and that whistleblowers should be protected from retaliation.  ECF No. 1. The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

## 26.  Case No. 1:20-cv-210-AW-GRJ, Pergrossi v. U.S. Government

Plaintiff seeks a court order allowing polygamy, which he contends is a federal matter.  ECF No. 1.  The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

**27.  Case No. 1:20-cv-211-AW-GRJ, Pergrossi v. Trump**

Plaintiff asserts numerous complaints regarding the impeachment trial of President Trump.  He contends that he must be impeached again on articles proposed by Plaintiff.  ECF No. 1.  The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

**28.  Case No. 1:20-cv-212-AW-GRJ, Pergrossi v. NYSE**

Plaintiff asserts that the system used at the New York Stock Exchange amounts to a Ponzi scheme.  He proposes various methods to reform stock trading.  There are no allegations that Plaintiff has been harmed by any specific trading activity.  The Complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325–28.

**29.  Case No.  1:20-cv-213-RH-GRJ, Pergrossi v. U.S. Government**

Plaintiff claims that the government has acted wrongfully in response to the COVID-19 pandemic by implementing travel restrictions, refusing to help sick patients on cruise ships, limiting immigration and refusing asylum requests, and increasing the deficit illegally.  He claims to have a cure for COVID-19.  He seeks broad court orders closing government offices, allowing travel, limiting deficit spending, and other measures.  Plaintiff's complaints reflect vague and generalized policy concerns, but he has alleged no facts suggesting that he has suffered any personal, redressable

harm. The Complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325–28.

### III. Amendment is Futile

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. The Court concludes that amendment of the complaints in each of the captioned cases would be futile because Plaintiff asserts no facts or circumstances that are the proper subjects of relief in this Court.

### IV. Sanction

Plaintiff's numerous frivolous complaints, filed without apparent forethought within a short span of time, reflect an abuse of the judicial process that cannot be condoned. The Eleventh Circuit has explained that "[t]here should be little doubt that the district court has the jurisdiction to protect itself against the abuses" that such litigants present. *Procup v. Strickland,* 792 F.2d 1069, 1073-74 (11th Cir. 1986) (citing *In re Martin-Trigona,* 737 F.2d 1254, 1261–62 (2d Cir.1984)). "The court has a

responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup,* 737 F.2d at 1074.

Under Fed. R. Civ. P. Rule 11(b), "when an unrepresented party files a pleading in the district court, he certifies that (1) it is not being presented for an improper purpose, (2) its legal contentions are warranted by existing law or a nonfrivolous argument to change the law, and (3) its factual contentions have or likely will have evidentiary support." *Cobble v. U.S. Government,* 2020 WL 2787598 *1 (11th Cir. 2020) (unpublished) (citing Fed. R. Civ. P. 11(b)(1)-(3)). "If the court believes that a party has violated Rule 11(b), it can *sua sponte* order the party to show cause why conduct specified in the order does not violate Rule 11(b)." *Cobble,* 2020 WL 2787598 *1 (citing Fed. R. Civ. P. 11(c)(3)). "'If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction.'" *Id.* (citing Fed. R. Civ. P. 11(c)(1)).

The Court finds that Plaintiff must be required to show cause as to why an appropriate sanction should not be imposed. In view of the frivolous nature and numerosity of Plaintiff's filings, the Court concludes that an appropriate sanction would be a restriction on filing new cases absent prior review and authorization by this Court. *See id.* at *3 (noting

17

that the Eleventh Circuit has approved injunctions requiring, *inter alia,* "prefiling screening of claims" and "directing the clerk to mark any papers submitted by a litigant as received and not to file them unless a judge approved them for filing") (citations omitted).

## V. Conclusion

Accordingly, it is **ORDERED**:

1. Plaintiff's Motions for Leave to Proceed *In Forma Pauperis*, ECF No. 2 in each captioned case, are **GRANTED**.

2. **On or before September 4, 2020,** Plaintiff must show cause as to why the Court should not impose a restriction on the filing of future complaints by Plaintiff, to include a requirement that any such future complaint must be screened by the Court before Plaintiff is permitted to file it.

3. Pending a ruling on Plaintiff's response to this show cause order, **Plaintiff may file no further complaints without prior approval of this Court.**

It is respectfully **RECOMMENDED** that each of the captioned cases be dismissed without leave to amend as frivolous and/or for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** this 21st day of August 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.